Lillie M. Coley, PhD,
3900 City Avenue Apt M420
Philadelphia, PA 19131
215-620-0278
lmcoley@comcast.net

*Plaintiff In Pro Per*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE COLEY, an Individual<br><br>    Plaintiff,<br>  vs.<br><br>SHAWN COREY CARTER, an Individual<br><br>    Defendants | Case No.: 2:25-cv-04216-SPG<br><br>APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION<br><br>**(Emergency Relief Requested)**<br><br>**(Re: New Jersey Superior Court Docket No. FD-04-287412)**<br><br>**Assigned to Hon. Sherilyn Peace Garnett, Courtroom 5C** |

# NOTICE OF EX PARTE APPLICATION

**TO THE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that Plaintiff Lillie Coley hereby applies ex parte for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 7-19, enjoining Defendant Shawn Carter from proceeding with retaliatory state court proceedings scheduled for hearing on November 7, 2025. Plaintiff further seeks an Order to Show Cause why a preliminary injunction should not issue.

Emergency relief is required because Defendant has scheduled a sanctions hearing in New Jersey Superior Court for November 7, 2025, explicitly to punish Plaintiff for filing this federal

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

1

action. Without immediate relief, Plaintiff will suffer irreparable harm and this Court's jurisdiction will be undermined.

# I.     MEMORANDUM OF POINTS AND AUTHORITIES

## A. STATEMENT OF RELIEF SOUGHT

Plaintiff seeks an immediate Temporary Restraining Order staying all proceedings in New Jersey Superior Court, Docket No. FD-04-287412, and enjoining Defendant, his counsel, agents, and all persons acting in concert with them from proceeding with the November 7, 2025, hearing or taking any further action in said case. Specifically, Plaintiff requests this Court stay and enjoin Defendant from prosecuting, pursuing, or enforcing any proceedings in the New Jersey action, from enforcing any sanctions, orders, or liens obtained therein against Plaintiff, and from filing new state court actions related to the subject matter of this federal litigation pending resolution of this federal case.

## II. FACTUAL BACKGROUND REQUIRING EMERGENCY RELIEF

This federal action arises from Defendant's sexual relationship with Wanda Satterthwaite when she was sixteen years old and Defendant was an adult, resulting in the birth of Rymir Satterthwaite. For over thirty years, Defendant has allegedly engaged in systematic fraud upon multiple courts to avoid acknowledging paternity and to silence those seeking justice for his abandoned son.

On May 6, 2025, Plaintiff, as Rymir's guardian and godmother, filed suit in this Court alleging fraud and deceit by concealment, intentional infliction of emotional distress, abuse of process, obstruction of justice, and civil rights violations under 42 U.S.C. § 1983. These are independent tort claims seeking damages for Defendant's fraud upon the court and abuse of judicial processes, not domestic relations matters.

Three months after this federal suit was filed, on August 7, 2025, Defendant filed a Motion for Modification of Support Order that don't exist and Imposition of Sanctions in New Jersey Superior Court. His motion explicitly states it seeks to punish Plaintiff for improperly filing derivative litigation in the U.S. District Court for the Central District of California. This admission establishes

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

2

that Defendant's state motion is filed solely to retaliate against Plaintiff for exercising her constitutional right to access federal courts.

The emergency nature of this application arises from Defendant's calculated timing. He scheduled his sanctions hearing for November 7, 2025, five days before this Court's November 12, 2025 hearing. If not immediately enjoined, Defendant will obtain state court orders designed to sanction Plaintiff for filing this federal action, create conflicting judicial determinations, chill Plaintiff's constitutional rights, and interfere with this Court's jurisdiction.

## III. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

A temporary restraining order may issue where the movant establishes likelihood of success on the merits, likelihood of irreparable harm, that the balance of equities favors relief, and that an injunction serves the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). The Ninth Circuit applies a sliding scale approach where serious questions going to the merits and a sharp tilt in the balance of hardships can support relief even without conclusive demonstration of likelihood of success. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011).

## IV. PLAINTIFF SATISFIES ALL REQUIREMENTS FOR EMERGENCY RELIEF

### A. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff will prevail in demonstrating that Defendant's state court action must be enjoined for multiple independent reasons. First, while the Anti-Injunction Act, 28 U.S.C. § 2283, generally bars federal injunctions of state proceedings, the necessary in aid of its jurisdiction exception applies when state proceedings directly threaten federal jurisdiction. Defendant's motion seeks state court sanctions for filing a federal complaint, an unprecedented jurisdictional overreach no state court has authority to make. A state court cannot police federal court filings or sanction a party for invoking federal jurisdiction. Such an order would represent a direct assault on this Court's authority.

Second, the All Writs Act, 28 U.S.C. § 1651, empowers this Court to enjoin vexatious state proceedings brought to harass federal litigants and interfere with federal proceedings. Defendant's admitted retaliatory motive, stated explicitly in his own motion papers, satisfies every criterion for

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

3

vexatious litigation warranting federal intervention. When a party weaponizes state court specifically to attack a federal proceeding, this Court not only may but must act to protect its jurisdiction.

Third, the Younger abstention doctrine does not protect state proceedings brought in bad faith to harass and retaliate against the exercise of constitutional rights. *Younger v. Harris*, 401 U.S. 37 (1971), recognizes an exception for proceedings lacking any legitimate basis and brought solely for harassment. Defendant's motion is facially baseless, as no state court possesses jurisdiction to sanction federal court filings, and exists solely to punish Plaintiff's exercise of her First Amendment right to petition federal courts for redress of grievances.

## B. IRREPARABLE HARM IS IMMEDIATE AND CERTAIN

Without a temporary restraining order, Plaintiff faces multiple forms of irreparable injury that cannot be remedied by monetary damages. The constitutional harm is paramount, as Defendant's motion directly attacks Plaintiff's First Amendment right to petition federal courts. Constitutional violations constitute per se irreparable harm requiring no further showing of injury.

The procedural harm of being forced to defend vexatious proceedings in New Jersey while prosecuting this federal case pro se creates an irreparable burden that money cannot cure. In cases of litigation abuse, the process itself becomes the punishment, designed to exhaust resources and break the will of those seeking justice. This is particularly acute for a pro se litigant facing a wealthy celebrity defendant with unlimited legal resources.

The jurisdictional harm extends beyond this case. Allowing a state court to sanction a party for filing in federal court would create dangerous precedent undermining federal court authority nationwide. Such a ruling would effectively grant state courts veto power over federal jurisdiction, eviscerating the supremacy of federal law and access to federal forums.

The timing creates its own irreparable harm. The November 7 hearing will occur before this Court can fully consider the issues, making emergency relief essential to preserve the status quo and protect this Court's ability to adjudicate the matters properly before it.

## C. BALANCE OF HARDSHIPS TIPS SHARPLY TOWARD PLAINTIFF

The balance of hardships analysis reveals an extreme disparity favoring immediate relief. Plaintiff faces the crushing burden of defending baseless retaliatory proceedings in New Jersey designed to exhaust her resources and deny access to justice. As a pro se litigant advocating for an

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

4

abandoned child against a billionaire celebrity, she cannot sustain a two-front legal war that Defendant has deliberately created to overwhelm her.

Conversely, Defendant suffers no cognizable hardship from being temporarily restrained from pursuing an admittedly retaliatory motion. His own papers confess the motion's purpose is to punish Plaintiff for filing this federal case. A party cannot claim hardship from being prevented from committing litigation abuse. Defendant remains free to assert any legitimate defenses in this proper federal forum where he resides and where jurisdiction is undisputed. The only thing he loses is the ability to weaponize a state court against a federal proceeding, which is not a legally protected interest.

### D. PUBLIC INTEREST DEMANDS IMMEDIATE INTERVENTION

The public interest overwhelmingly supports a temporary restraining order in this case involving allegations of the most serious nature. This case involves allegations that Defendant impregnated a sixteen-year-old minor when he was an adult and has spent over three decades avoiding accountability through systematic judicial manipulation. The public has a vital interest in ensuring that wealth and celebrity status cannot be used to corrupt judicial processes and deny justice to vulnerable parties.

Society demands that those who allegedly exploit minors face accountability through proper legal channels, not escape through procedural warfare designed to exhaust and silence their victims. The allegations here include not only the initial relationship with a minor but decades of alleged fraud upon multiple courts, witness intimidation, fabricated evidence, and the use of sealed proceedings to hide misconduct. The public interest in exposing such conduct and ensuring accountability cannot be overstated.

The integrity of the federal judicial system itself hangs in the balance. Allowing state courts to sanction federal filings would eviscerate federal civil rights enforcement and destroy the careful balance of federalism. The public demands that federal courts remain open to all citizens, particularly those seeking to expose alleged crimes against minors and systematic judicial corruption, regardless of their opponent's wealth or influence.

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

## V. THIS COURT HAS JURISDICTION DESPITE THE DOMESTIC RELATIONS EXCEPTION

Plaintiff anticipates Defendant will invoke the domestic relations exception to federal jurisdiction, but this exception is inapplicable here. As the Supreme Court held in *Marshall v. Marshall*, 547 U.S. 293 (2006), and clarified in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the domestic relations exception applies only to cases seeking divorce, alimony, or child custody decrees.

Plaintiff seeks damages for independent torts including fraud upon the court, abuse of process, obstruction of justice, and civil rights violations under 42 U.S.C. § 1983. These claims arise from Defendant's allegedly fraudulent conduct in manipulating court proceedings, fabricating evidence, and corrupting judicial processes to avoid acknowledging his son. The claims do not seek any determination of paternity or modification of support orders. Rather, they seek compensation for the tortious harm caused by Defendant's alleged criminal conduct in corrupting multiple court proceedings. The mere fact that some of this fraudulent conduct occurred within family court proceedings does not transform independent tort claims into domestic relations matters.

## VI. IMMEDIATE RELIEF WITHOUT NOTICE IS WARRANTED

Federal Rule of Civil Procedure 65(b)(1) permits ex parte relief when immediate and irreparable injury will result before the adverse party can be heard and when the movant's attorney certifies efforts made to give notice or reasons why notice should not be required.

The November 7, 2025 state court hearing is imminent, occurring in just days. Any delay in obtaining relief would allow Defendant to obtain the retaliatory sanctions he seeks, causing immediate irreparable harm that could not be undone. Moreover, providing advance notice would likely prompt Defendant to accelerate his state court proceedings or take other actions to frustrate this Court's jurisdiction before relief could be granted. The emergency nature of the relief sought and the admitted retaliatory purpose of Defendant's state court motion justify proceeding ex parte to preserve this Court's jurisdiction and prevent irreparable harm.

## VII. PROPOSED ORDER

Plaintiff has submitted a proposed order that would immediately stay all proceedings in New Jersey Superior Court Docket No. FD-04-287412, including specifically enjoining the November 7,

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

6

2025 hearing, staying any further prosecution of that action, setting an Order to Show Cause hearing within fourteen days as required by Rule 65(b), and requiring Defendant to show cause why the stay and preliminary injunction should not continue for the duration of this federal proceeding.

**SEALED RECORDS ISSUE**

Plaintiff acknowledges that certain evidence supporting this motion derives from sealed New Jersey family court records. These records contain proof of Defendant's fraudulent conduct, including a $26,000 fraudulent lien and efforts to silence Plaintiff through improper gag orders, all part of Defendant's systematic campaign to evade acknowledgment of and responsibility.  Most of these New Jersey records are public and have been intertwined with other parties' cases since 2012, both on the state and federal levels.  In some of these forums, files have been redacted, but not all, since in federal forums, it was unlawful to seal records with allegations of fraud. However, this court can direct us as the case proceeds.

Plaintiff is not seeking to relitigate the paternity dispute. Rather, these documents are necessary to prove torts arising from Defendant's fraud upon the court and abuse of judicial processes. Federal interests in exposing fraud, protecting the rights of an unacknowledged child, and ensuring civil rights enforcement override state sealing orders when those orders are used to perpetrate and conceal ongoing fraud against a minor child.

Plaintiff respectfully requests this Court's guidance on the proper procedure for submitting these materials, whether through provisional sealing, redaction, or other appropriate measures that balance legitimate privacy concerns with the fundamental requirement of fairness and transparency in federal proceedings.

## VIII. CONCLUSION

Defendant's state court motion represents a brazen attempt to punish Plaintiff for seeking federal justice on behalf of a child he refuses to acknowledge, born from his relationship with a sixteen-year-old minor. His own papers admit the retaliatory purpose, transforming what might appear as a state court motion into a direct attack on federal jurisdiction. This Court must act immediately to prevent irreparable harm and protect its jurisdiction from unprecedented assault.

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

For over thirty years, Defendant has allegedly used his wealth and power to avoid a simple DNA test that would confirm the truth about Rymir Satterthwaite's paternity. The lengths to which he has gone to avoid this basic scientific test speak volumes about what that test would reveal. He has corrupted courts, fabricated evidence, intimidated witnesses, and destroyed lives, all to maintain his denial of a son conceived through statutory rape. He cannot now be permitted to use state courts as weapons to silence federal civil rights claims that threaten to expose this decades-long cover-up.

This Court stands at a critical juncture. Will it allow a wealthy celebrity to weaponize parallel state proceedings to defeat federal jurisdiction, or will it protect the fundamental right of all citizens to seek justice in federal court regardless of their opponent's resources? Emergency relief is not merely appropriate; it is essential to prevent a grave injustice and preserve the integrity of the federal judicial system.

Pursuant to Local Rule 65-1 and this Court's procedures, notice of this Application was provided to Defendant's counsel on October 17, 2025 11:45 PST. Opposing papers must be filed not later than forty-eight (48) hours after service of this Application or by 3:00 p.m. on the first court day after service, whichever is later.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Immediately issue a Temporary Restraining Order staying all proceedings in New Jersey Superior Court, Family Part, Docket No. FD-04-287412, including but not limited to the sanctions hearing scheduled for November 7, 2025;

2. Enjoin Defendant Shawn Carter, his attorneys, agents, employees, and all persons acting in concert or participation with them from prosecuting, pursuing, or taking any action whatsoever in New Jersey Superior Court Docket No. FD-04-287412 or any related state court proceedings concerning the subject matter of this federal litigation;

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

8

3. Prohibit Defendant from enforcing or attempting to enforce any sanctions, orders, judgments, liens, or other relief obtained in the New Jersey proceedings against Plaintiff, whether directly or indirectly;

4. Enjoin Defendant from filing any new state court actions against Plaintiff related to or arising from the claims, facts, or subject matter of this federal litigation;

5. Declare null and void ab initio any orders, sanctions, liens, or judgments obtained through fraud, misrepresentation, or abuse of process in the New Jersey proceedings;

6. Set an Order to Show Cause hearing within fourteen days pursuant to Federal Rule of Civil Procedure 65(b) for Defendant to show cause why a preliminary injunction should not issue maintaining the stay of state proceedings for the duration of this federal litigation;

7. Following the Order to Show Cause hearing, issue a preliminary injunction maintaining the stay and enjoining all state court proceedings related to this matter pending final resolution of this federal action;

8. Award Plaintiff her costs and reasonable attorneys' fees incurred in bringing this emergency application pursuant to the Court's inherent authority to sanction vexatious litigation conduct;

9. Order expedited discovery limited to the issues raised in this application, including Defendant's retaliatory motive and pattern of litigation abuse;

10. Grant such other and further relief as this Court deems just, proper, and equitable under the circumstances.

Plaintiff further requests that the Temporary Restraining Order issue ex parte or with shortened notice given the imminent November 7, 2025 hearing date and the irreparable harm that will result from any delay.

I certify that all statement made are true and correct to my belief and knowledge and any untrue statements is punishable by law.

Respectfully submitted,

s/Lillie Coley
Lillie M. Coley, PhD,

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

9

3900 City Avenue Apt M420
Philadelphia, PA 19131
215-620-0278
lmcoley@comcast.net

*Plaintiff In Pro Per*

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

10

# TABLE OF EXHIBITS

The following exhibits are submitted in support of Plaintiff's Emergency Motion for Protective Order or, in the Alternative, Preliminary Injunction Against Parallel State Proceedings (Hearing Scheduled November 7, 2025).

1. **Exhibit A**: Notice of Federal Action and Jurisdictional Objection
    Filed in New Jersey Family Court to notify of pending federal case and jurisdictional objection.
2. **Exhibit B**: Certification of Facts Regarding New Jersey Proceeding
    Plaintiff's sworn certification detailing Defendant's August 7, 2025 filing and November 7, 2025 hearing and No Existing Support Order under UIFSA;
3. **Exhibit C**: Memo to NJ Judge Regarding Need of Counsel
    Plaintiff seeking time extension to obtain counsel due multiple cases legal aspects
4. **Exhibit D**: Rule 7-3 Notice to Opposing California Counsel
    Written notice to Defendant's counsel regarding intent to file motion and offer to confer.
5. **Exhibit E**: Memo to New Jersey Counsel re: Stay or Withdrawal
    Request for withdrawal or stay of the NJ modification filing within 3–5 days; and
    Memo from NJ Counsel States He Will respond on 10/20/25 but does not.
6. **Exhibit F**: New Jersey Docket Sheet / Hearing Notice
    Proof of pending November 7, 2025 hearing in Camden County Family Division and
    Proof Modification of non-existence court order
7. **Exhibit G**: Federal Court Docket Sheet (C.D. Cal.)
    Printout of the federal docket showing ongoing case Coley v. Carter, 2:25-cv-04216-SPG.
8. **Exhibit H**: Supporting Documentary Evidence
    Jurisdictional and three(3) NJ property records documentary evidence demonstrating prior findings.
9. **Exhibit I:**
    Email to Judge Chambers law clerk seeking update on matter; Plaintiff was told she would receive a response today October 21, 2025 via phone call and email but none was provided by COB.
10. **Exhibit J:** Proposed Order
    Draft order granting protective or injunctive relief for the Court's consideration.

Dated October 21, 2025

s/Lillie M. Coley
Lillie M. Coley, PhD

APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

11

# CERTIFICATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11

Under Federal Rule of Civil Procedure 11, by signing below, I/we certify to the best of our knowledge, information, and belief that this Opposition to Motion to Dismiss: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: October 21, 2025.

s/Lillie M. Coley, PhD
3900 City Ave. Apt. M420
Philadelphia, PA 19131

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION document was served electronically as required and U.S. Mail sent as courtesy, on October 21, 2025 to the following. I also certify that the foregoing statements are true in the complaint. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/<u>Lillie M. Coley, PhD</u>
*In Pro Se*
3900 City Avenue Apt M420
Philadelphia, PA 19131