UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE COLEY,<br><br>      Plaintiff,<br><br> v.<br><br>SHAWN COREY CARTER,<br><br>      Defendants. | Case No. 2:25-cv-04216-SPG-MAR<br><br>**ORDER GRANTING DEFENDANT's MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br>**[ECF NOS. 26, 36]** |

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(5), 12(b)(1), and 12(b)(6) and Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16 (ECF No. 26 ("Motion")) filed by Defendant Shawn Corey Carter ("Defendant"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

**I. BACKGROUND**

The following allegations are taken from Plaintiff Lillie Coley's ("Plaintiff") Complaint. (ECF No. 1 ("Complaint")). Plaintiff is the godmother and legal guardian of an individual named Rymir Satterthwaite ("Rymir"). (*Id.* ¶ 10). Plaintiff alleges that Defendant fathered Rymir in the mid-1990s with a woman named Wanda Satterthwaite.

(*Id.* ¶ 1). Wanda, now deceased, devoted nearly two decades in pursing domestic relations litigation against Defendant in New Jersey and Pennsylvania courts. (*Id.* ¶ 13). Following Wanda's terminal illness in 2011, Plaintiff assumed legal custody of Rymir and continued this course of litigation. (*Id.* ¶ 14).

In this action, Plaintiff alleges that Defendant and his legal representatives and associates perpetrated fraud on the New Jersey courts, depriving Plaintiff of her legal rights. In August 2012, a New Jersey court dismissed Plaintiff's complaint for lack of personal and subject matter jurisdiction. (*Id.* ¶ 16). Plaintiff alleges that, despite affirmative evidence of Defendant's property deeds and tax records, Defendant disavowed having sufficient contacts with the state of New Jersey, thereby perpetrating fraud. (*Id.* ¶ 20). According to Plaintiff, in December 2012, Defendant provided conflicting and contrasting statements regarding Defendant's residential address. (*Id.* ¶ 29). In September 2013, Defendant "altered the designation of Rymir's mother from defendant to plaintiff," which "served to obscure and disregard evidence submitted by Plaintiff." (*Id.* ¶ 30). In February 2015, Defendant "fraudulently advance[ed] argument that the State of New Jersey lacked personal jurisdiction over him." (*Id.* ¶ 32). Later that month, the court issued an order sealing the record and later denied a motion to vacate the order because of Defendant's "celebrity status." (*Id.* ¶¶ 33, 35). On January 13, 2022, Defendant secured an injunction barring Plaintiff from filing complaints in New Jersey courts without prior approval. (*Id.* ¶¶ 26, 40). In August 2022, the New Jersey Appellate Court denied Plaintiff's appeal while retaining her filing fees. (*Id.* ¶ 44). Citing these incidents, Plaintiff argues that courts have "repeatedly interfered" with her "due process rights at the behest of Defendant." (*Id.* ¶ 42).

Plaintiff also alleges that Defendant engaged in harassment and intimidation of Plaintiff and Rymir. At some point in time, Rymir's vehicle was shot six times, which Plaintiff attributes to Defendant. (*Id.* ¶ 24). An unidentified individual also visited Plaintiff's residence multiple times at 4:00 a.m. (*Id.* ¶ 25).

In December 2023, Plaintiff became aware of a lien placed on her house at the direction of Defendant, which Plaintiff asserts was entered pursuant to court orders obtained through jurisdictional fraud. (*Id.* ¶ 45). In January 2024, Plaintiff lost the sale of a second home as a direct consequence of the liens placed on her residence. (*Id.* ¶ 46). Between May and August 2024, the title company made payments to Defendant's attorneys from Plaintiff's escrow account, resulting in $26,000 in expenses. (*Id.* ¶ 49). In January 2025, the New Jersey Banking Commission found that there was wrongdoing in the handling of Plaintiff's escrow account. (*Id.* ¶ 51).

Plaintiff brings this action asserting claims of deceit by concealment, abuse of process, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and unjust enrichment. (*Id.* at 19-26). As relief, Plaintiff seeks compensatory damages, restitution, "including the value of support wrongfully withheld," punitive damages, a declaration that all judgments, liens, and other court actions obtained through fraud are null and void, injunctive and other equitable relief, and legal expenses. (*Id.* at 27-28).

Plaintiff initiated this action on May 6, 2025. (*Id.*). On June 16, 2025, Defendant appeared and filed an ex parte application, requesting an extension of the time to file an answer, which the Court granted. (ECF Nos. 16, 21). Defendant filed the instant Motion on July 18, 2025. (Mot.). On September 16, 2025, with the instant Motion pending, Plaintiff filed a motion for leave to amend. (ECF No. 36). On September 17, 2025, Plaintiff filed an opposition to the Motion. (ECF No. 39 ("Opposition")). On September 24, 2025, Defendant filed a reply in support of the Motion, (ECF No. 44 ("Reply")), and

an opposition to the motion for leave to amend, (ECF No. 45).[1] On September 25, 2025, Plaintiff filed a request to defer ruling on the Motion.[2] (ECF No. 49).

## II. DISCUSSION

In the Motion, Defendant raises several arguments in favor of dismissal. First, Defendant argues pursuant to Rule 12(b)(5) that he was not properly served with the summons and complaint. (Mot. at 18-20). Second, he contends under Rule 12(b)(1) that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because the claims amount to de facto appeals of state court judgments. (*Id.* at 21-23). Third, he contends that Plaintiff's Complaint should be stricken pursuant to California's anti-SLAPP statute because all of the claims are premised on protected speech and are barred by California's litigation privilege and the statute of limitations. (*Id.* at 24-30). Finally, Defendant argues under Rule 12(b)(6) that Plaintiff has failed to state a claim on which relief can be granted. (*Id.* at 30-38). For reasons discussed below, the Court agrees that Plaintiff's anti-SLAPP motion should be granted and that the Complaint should be dismissed in its entirety. As such, the Court does not reach Defendant's other arguments.[3]

### A. Anti-SLAPP Motion

California's anti-SLAPP statute allows a defendant to file a "special motion to strike" any "cause of action against a person arising from any act of that person in

---

[1] On September 29, 2025, Plaintiff filed a sur-reply to Defendant's reply in support of the Motion. (ECF No. 51). Under Local Rule 7-10, "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Accordingly, the Court will not consider this document in reviewing the Motion.

[2] The Court declines to defer ruling on the Motion. "Where, as here, a motion to dismiss or strike a pleading is pending, courts generally do not decide requests for leave to amend that pleading until the motion to dismiss or strike is resolved." *Gordon v. Newsom*, No. 2:24-cv-06476-MRA-AS, 2025 WL 2014317, at *4 (C.D. Cal. June 11, 2025) (collecting cases). "When a motion to dismiss is granted, courts decide at that juncture whether to grant leave to amend." *Id.* (citing *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1166 (C.D. Cal. 2019)).

[3] In so concluding, the Court does not rely on any documents in Defendant's request for judicial notice. (ECF No. 26-11). The Court therefore denies the request as moot.

furtherance of the person's right of petition or free speech." Cal. Civ. Proc. Code § 425.16(b)(1). Acts in furtherance of the right of petition include "any written or oral statement or writing made before a . . . judicial proceeding" or "made in connection with an issue under consideration or review by a . . . judicial body." *Id.* § 425.16(e)(2). The purpose of the anti-SLAPP statute is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (citation omitted). Defendants in federal court "can bring anti-SLAPP motions to strike state law claims and are entitled to attorney's fees and costs when they prevail." *Verizon Del., Inc. v. Covad Comm'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

Courts review such motions under a two-step framework. First, the moving defendant "must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021) (citation omitted). Second, if a defendant makes this initial showing, "[t]he burden then shifts to the plaintiff . . . to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal." *Id.* (citation omitted). In reviewing such a motion, courts should not "weigh the credibility or comparative probative strength of competing evidence," but "should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002) (emphasis omitted).

        1.      <u>Arising from Protected Activity</u>

At the first step, Defendant bears the burden of "demonstrating that [Plaintiff's] suit against him arises from a protected act." *Mindy's Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010). An act is protected if it "fits one of the categories spelled out in section 425.16, subdivision (e)." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002). These categories include "any written or oral statement or writing made before a . . . judicial proceeding," "any written or oral statement or writing made in connection with an issue

under consideration or review by a . . . judicial body," and "any other conduct in furtherance of the exercise of the constitutional right of petition or . . . free speech." Cal. Civ. Proc. Code § 425.16(e). A cause of action "arises from" such an act if "the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." *City of Cotati*, 29 Cal. 4th at 78.

Defendant argues that all of Plaintiff's claims arise from a protected act because "each and every one of Plaintiff's claims is premised on court orders or Defendant's statements and writings made in prior civil litigation." (Mot. at 25). The Court agrees.

Plaintiff raises five claims. For the deceit by concealment claim, Plaintiff alleges that Defendant "intentionally and knowingly concealed material facts regarding his contacts with the State of New Jersey," in violation of his "duty to disclose these facts during judicial proceedings." (Compl. ¶¶ 90-91). Plaintiff alleges that this "constituted an affirmative and calculated effort to mislead courts, obstruct justice, and prevent Plaintiff from asserting her legal rights." (*Id.* ¶ 92). For the abuse of process claim, Plaintiff alleges that Defendant "willfully misused the judicial process" by "den[ying] owning property in New Jersey" and "leverag[ing] sealed court orders, false filings, and procedural technicalities." (*Id.* ¶¶ 98-100). For the IIED claim, Plaintiff alleges that Defendant concealed and misrepresented material facts, made "[d]enials under oath," manipulated court procedures "to seal records, suppress evidence, and bar Plaintiff from presenting their claims," and participated in "court orders that gagged Plaintiff and punished her with sanctions and injunctions." (*Id.* ¶ 107). On the NIED claim, Plaintiff alleges that Defendant "negligently concealed and misrepresented material facts concerning his minimum contacts with the State of New Jersey." (*Id.* ¶ 115). Finally, on the unjust enrichment claim, Plaintiff again alleges that Defendant "knowingly and deliberately concealed material facts regarding his ties to the State of New Jersey." (*Id.* ¶ 124). As is evident from Plaintiff's allegations, all of these claims are "based on" protected activity in that they seek to impute liability for statements and omissions made in the course of litigation.

Because these claims are premised on written and oral statements made during litigation, as well as conduct in furtherance of these statements, they fall within the protections of the anti-SLAPP statute. As the Ninth Circuit has explained, "it makes no difference that Plaintiff[] include[s] allegations of omissions, rather than only affirmative misrepresentations." *Graham-Sult v. Clainos*, 756 F.3d 724, 739-40 (9th Cir. 2014); *see also Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1121 (9th Cir. 2017) (noting that anti-SLAPP statute applies both to "statement[s]" and to "'conduct' in furtherance of the right of free speech"). Moreover, to the extent Plaintiff's claims are based on both protected and non-protected activity,[4] California courts have held that such claims are "subject to section 425.16 unless the protected conduct is merely incidental to the unprotected conduct." *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1187 (2011) (internal quotation marks and citation omitted), *disapproved on other grounds by Baral v. Schnitt*, 1 Cal. 5th 376, 396 n.11 (2016). Here, Defendant's alleged statements and omissions made during prior judicial proceedings are not merely incidental to some other unprotected conduct because they "represent the bulk of the allegations underlying the cause of action." *Salma v. Capon*, 161 Cal. App. 4th 1275, 1288 (2008).

In her Opposition, Plaintiff argues that Defendant's statements are not protected activity because they "constitute[] criminal activity that falls entirely outside the scope of protected petitioning activity." (Opp. at 42). Plaintiff cites to *Flatley v. Mauro*, 39 Cal. 4th 299 (2006) for the proposition that the anti-SLAPP statute does not protect speech or petitioning activity that is per se illegal. (*Id.*).

---

[4] The Court notes that some of the actions alleged in the Complaint—particularly the allegations of violence and intimidation—do not appear to be protected activity. *See* (Compl. ¶¶ 24-25). However, the Complaint lacks any allegations tying the alleged violence to Defendant. *See* (*id.* (alleging that "Rymir's vehicle was shot six times" and that Plaintiff received "nighttime visits," but failing to identify the perpetrators or their motives)). More importantly, these allegations do not form the basis of any of Plaintiff's claims, which are premised on allegedly fraudulent statements made in the course of litigation.

In *Flatley*, the California Supreme Court explained that, "because not all speech or petition activity is constitutionally protected, not all speech or petition activity is protected by section 425.16." *Flatley*, 39 Cal. 4th at 313. Citing *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356 (2001), the *Flatley* court concluded that "section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." *Id.* at 317. However, the court explained that this rule could be applied at the first step of the anti-SLAPP analysis only where "the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence." *Id.* at 316. Otherwise, if "a factual dispute exists about the legitimacy of the defendant's conduct, it cannot be resolved within the first step but must be raised by the plaintiff in connection with the plaintiff's burden to show a probability of prevailing on the merits." *Id.*

Here, Plaintiff does not contend either that Defendant has conceded that his actions were illegal or that the evidence conclusively establishes that his actions were illegal. *Cf. Paul for Council*, 85 Cal. App. 4th at 1365 (noting that illegality "is not really disputed by the defendants" and they instead "argue that they are entitled to the benefit of section 425.16 in spite of such illegality"). Plaintiff suggests that Defendant's conduct was illegal because it constituted perjury and obstruction of justice. (Opp. at 20). However, her Complaint does not identify any specific statements made by Defendant that could form the basis for a finding of illegality, nor has she put forth any affirmative evidence of illegality to accompany her Opposition. In the face of Defendant's denial that his conduct was illegal, the mere fact that Plaintiff alleges illegality is insufficient to establish this exception to the anti-SLAPP statute. *See Flatley*, 39 Cal. 4th at 320. "To find otherwise would eviscerate the anti-SLAPP statute's protections because the plaintiff could preclude the statute's application simply by alleging criminal conduct by the defendant." *Safari Club Int'l*, 862 F.3d at 1121.

Accordingly, the Court concludes that Defendant has met its burden to put forth a prima facie showing that Plaintiff's suit arises from an act in furtherance of Defendant's constitutional right to free speech.

### 2. Reasonable Probability of Prevailing

Once a defendant has made a prima facie showing that the claims arise from protected activity, the burden shifts to the plaintiff to demonstrate "a reasonable probability of prevailing in its claims." *Mindy's Cosmetics*, 611 F.3d at 598 (citation omitted). To meet this standard, a plaintiff need only demonstrate a "minimum level of legal sufficiency and triability." *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429, 438 n.5 (2000). "Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson*, 28 Cal. 4th at 821 (internal quotation marks and citation omitted). In making this assessment, courts may consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2).

Defendant first argues that Plaintiff cannot make this showing because her claims are barred by California's litigation privilege. (Mot. at 26-28). Under California's litigation privilege, a "publication or broadcast" made as part of a "judicial proceeding" is privileged, unless it falls within certain enumerated exceptions. Cal. Civ. Code § 47(b). "This privilege is absolute in nature, applying to *all* publications, irrespective of their maliciousness." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007) (internal quotation marks and citation omitted). The purpose of this privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (internal citation omitted). Thus, the privilege "immunizes defendants from virtually any tort liability . . . with the sole exception of causes of action for malicious prosecution." *Graham-Sult*, 756 F.3d at 741 (citation omitted). The privilege applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or

1 | other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg*, 50 Cal. 3d at 212.

The Court agrees with Defendant that Plaintiff's claims are barred by California's litigation privilege. As discussed above, all of Plaintiff's claims are premised on communications made by Defendant as a litigant in prior judicial proceedings. The thrust of Plaintiff's claims is that Defendant lied to the New Jersey courts about the extent of his connections to that state, resulting in the dismissal of Plaintiff's claims for lack of personal jurisdiction. Defendant's statements about his connections to New Jersey were clearly intended to achieve the objects of that litigation—that is, to secure dismissal of the claims against him. *See Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1148 (1996) ("[C]ommunications which function intrinsically . . . to advance a litigant's case" satisfy the "furtherance test"). And these statements have "some connection or logical relation" to the judicial proceedings in that they were made in filings to the court and were not "extraneous to the action." *Silberg*, 50 Cal. 3d at 219. Thus, the elements set forth in *Silberg* are all met.

In opposing the application of the privilege, Plaintiff first argues that one of the statutory exceptions to the litigation privilege should apply here. (Opp. at 20, 30). The statute sets out five enumerated exceptions: (1) allegations filed in an action for marital dissolution or legal separation made by a person against whom no affirmative relief is sought; (2) "any communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence"; (3) communications made in a judicial proceeding knowingly concealing the existence of an insurance policy; (4) a recorded lis pendens; and (5) communications between a person and a law enforcement agency in which the person makes a false report. Cal. Civ. Code § 47(b). None of these exceptions applies. This action is not one for marital dissolution and does not involve any insurance policy, lis pendens, or communications with law enforcement. As to the second enumerated exception, Plaintiff has not identified any act of intentional destruction or alteration of

1  physical evidence; the only allegations in the Complaint are about misrepresentations and
2  omissions made in oral and written communications to the court. Absent some allegation
3  of intentional destruction of *physical evidence*, no statutory exception to the litigation
4  privilege applies.

5  Next, Plaintiff argues that California courts have recognized exceptions to the
6  litigation privilege for criminal perjury prosecutions and State Bar disciplinary
7  proceedings. (Opp. at 30 (citing *Silberg*, 50 Cal. 3d at 219)). It is true that the California
8  Supreme Court has recognized that "other remedies" such as "criminal prosecution for
9  perjury," "criminal prosecution under Business and Professions Code, section 6128," and
10 "State Bar disciplinary proceedings for violation of Business and Professions Code, section
11 6068, subdivision (d)" are not prohibited by the litigation privilege. *Silberg*, 50 Cal. 3d at
12 219. However, "the instant litigation is not a criminal prosecution for perjury" or a
13 disciplinary action by the State Bar. *Graham-Sult*, 756 F.3d at 742. Indeed, "a private
14 citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of
15 another," *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981), and only the State Bar has
16 authority to initiate disciplinary proceedings, *Matter of Bradley*, No. 11-O-15122, 2015
17 WL 2447712, at *3 n.7 (Cal. Bar Ct. May 18, 2015). The *Silberg* court recognized as
18 much, describing perjury and State Bar proceedings as "other remedies *aside from* a
19 derivative suit for compensation," which would be explicitly barred. *Silberg*, 50 Cal. 3d at
20 218 (emphasis added). Because Plaintiff's claims are all derivative tort claims premised
21 on communications made in the course of litigation, they are barred by the litigation
22 privilege. *See id.* at 215 (recognizing that the litigation privilege "immunize[s] defendants
23 from tort liability," including "theories of abuse of process, . . . intentional infliction of
24 emotional distress, . . . negligence, . . . and fraud").

25 Finally, Plaintiff argues that "systematic perjury" and "false statements" are not
26 protected by the litigation privilege. (Opp. at 31). California courts have long rejected this
27 argument. As early as 1884, the California Supreme Court observed, "however just and
28 reasonable it may appear . . . that a man who has by perjury injured another, should be

answerable, yet, on a nearer inspection, when the mischiefs resulting from upholding that proposition are considered, the conclusion must be that it would be dangerous in the extreme to sustain the action." *Taylor v. Bidwell*, 65 Cal. 489, 490 (1884). In *Silberg*, the court recognized that "the disallowance of derivative tort actions based on communications of participants in an earlier action necessarily results in some real injuries that go uncompensated," but it emphasized that this is the "price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say." *Silberg*, 50 Cal. 3d at 218 (citation omitted); *see also Carden v. Getzoff*, 190 Cal. App. 3d 907, 915 (1987) (stating that, absent such a rule, "adverse witnesses would always be fearful of subsequent civil suits and would be extremely hesitant or unwilling to testify"). Thus, "even malicious publications are protected as part of the price paid for affording litigants the utmost freedom of access to the courts." *Carden*, 190 Cal. App. 3d at 915 (internal quotation marks and citation omitted). This includes communications that "are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002). Thus, notwithstanding Plaintiff's allegations of "systematic perjury," Defendant's statements in court cannot serve as the basis for derivative tort claims. Instead, outside of a direct appeal of the adverse decisions or some other form of collateral attack available in the New Jersey or Pennsylvania court system, Plaintiff's only "potential remedies are to assist in the prosecution of criminal charges" and "to report any allegations of dereliction" to the State Bar. *Carden*, 190 Cal. App. 3d at 915-16.

The California Supreme Court's decision in *Flatley* does not require a different result. As discussed above, the *Flatley* court concluded that a defendant may not bring an anti-SLAPP motion to strike where "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law." *Flatley*, 39 Cal. 4th at 320. However, the court emphasized that "the question of whether the defendant's underlying conduct was illegal as a matter of law is preliminary, and unrelated to the second prong question of whether the plaintiff has demonstrated a probability of prevailing." *Id.* As to the second prong, the court explained that the

1 litigation privilege is "relevant . . . in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." *Id.* at 323. For the reasons discussed above, Plaintiff has not overcome this substantive defense.

Because Plaintiff's claims are barred by California's litigation privilege, Plaintiff cannot show a reasonable probability of prevailing on the merits, and Defendant is entitled to the granting of the special motion to strike. As all of Plaintiff's claims are barred by the litigation privilege, the Complaint must be stricken in its entirety.[5]

### 3. Costs and Attorney's Fees

The anti-SLAPP statute provides that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). The language of the statute is mandatory. Because Defendant has prevailed on the special motion to strike, he is entitled to recover attorney's fees and costs incurred in connection with this Motion. Defendant may file a motion for award of such fees in a subsequent filing.

### B. Leave to Amend

Finally, the Court must determine whether to grant Plaintiff leave to amend. Separately from the instant Motion, Plaintiff has filed a motion for leave to amend, which is set for hearing before the Court on November 12, 2025. Attached to that motion is Plaintiff's proposed amended complaint. *See* (ECF No. 36-1). In her Opposition to the instant Motion, Plaintiff argues that her request should be granted because it provides "a direct and conscientious response to the procedural concerns articulated in Defendant's motion, while simultaneously fortifying the substantive foundation of Plaintiff's claims." (Opp. at 15).

California's anti-SLAPP statute does not include any provision for granting leave to amend, and California courts have declined to "read into section 425.16 an implied right

---

[5] In so concluding, the Court does not reach Defendant's alternative argument that Plaintiff cannot show a reasonable probability of prevailing on the merits because her claims are time-barred.

of leave to amend," concluding that doing so "would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy." *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073-74 (2001). However, the Ninth Circuit has found that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Verizon Del., Inc.*, 377 F.3d at 1091. Nevertheless, consistent with Rule 15, a court may deny leave to amend following an initial dismissal when amendment would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Amendment is considered futile where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

Applying this test, the Court concludes that leave to amend is not warranted because any amendment would be futile. Plaintiff's claims are all fundamentally barred by California's litigation privilege because they are premised on communications made in the course of litigation. As the California Supreme Court has explained, this bar is "absolute in nature" and applies to all tort claims except "malicious prosecution actions." *Silberg*, 50 Cal. 3d at 215-16. Because tort claims premised on litigation communications are barred, no additional allegations consistent with those in the Complaint could cure this fundamental defect. *See, e.g.*, *In re Centerstone Diamonds, Inc.*, 2:09-bk-23945-PC, 2014 WL 1330186, at *3 n.7 (C.D. Cal. Apr. 2, 2014) ("Given the nature and purpose of the litigation privilege, the court concludes that the deficiency with respect to [the claim] cannot be cured by amendment and that dismissal of such claim without leave to amend is appropriate."); *Brown v. State of California*, No. CV 23-1966 ODW (PVC), 2023 WL 5961659, at *20 (C.D. Cal. Aug. 21, 2023) (dismissing claims "without leave to amend pursuant to the litigation privilege"); *Thomas v. Quality Loan Serv. Corp.*, No. 18-cv-2791-BAS-NLS, 2019 WL 3006467, at *9 (S.D. Cal. July 10, 2019) ("Certain causes of action are barred by the litigation privilege, which Plaintiff cannot cure by amendment.").

The Court has reviewed Plaintiff's proposed amended complaint and finds that the same defect persists in that filing. *See* (ECF No. 36-1). While the proposed amended complaint includes detailed responses to most of the legal arguments raised in the Motion, it does not specifically address the anti-SLAPP motion. Moreover, the added allegations mostly consist of legal argument, not additional factual allegations that would change the basis for the claims. Plaintiff's first four claims remain unchanged and are still premised on alleged misrepresentations made in filings before the New Jersey courts. *See* (*id.* ¶¶ 123, 132, 138, 146). Plaintiff also attempts to assert two additional claims—conspiracy to violate civil rights under 42 U.S.C. § 1985(3) and interference with prospective economic advantage—both of which are also premised on Defendant's communications in the New Jersey litigation. On the first proposed claim, Plaintiff alleges a conspiracy based on "coordinated false statements across multiple proceedings, strategic timing of procedural motions designed to exhaust Plaintiff's resources, systematic concealment of material facts through coordinated legal strategy, uniform misrepresentations about jurisdictional contacts spanning multiple years and forums, and orchestrated efforts to seal court records and limit public access to prevent exposure of the conspiracy." (*Id.* ¶ 152). On the second proposed claim, Plaintiff alleges that Defendant "accomplished this interference through . . . systematic fraud upon courts, . . . abuse of legal process . . . [and] defamation by implication through legal filings." (*Id.* ¶ 162). All these acts are quintessentially protected communications made in the course of litigation. Accordingly, leave to amend would be futile. The Court therefore DENIES leave to amend in connection with this Order, as well as Plaintiff's motion for leave to amend. (ECF No. 36).

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and DISMISSES the Complaint without leave to amend. Pursuant to California Code of Civil Procedure

1  § 425.16(c), Defendant may file a request for an award of costs and fees associated with
2  the filing of this Motion.
3
4     **IT IS SO ORDERED.**
5
6  DATED: November 4, 2025
7
                                            HON. SHERILYN PEACE GARNETT
8                                           UNITED STATES DISTRICT JUDGE