Carla M. Wirtschafter (SBN 292142)
Email:  cwirtschafter@reedsmith.com
Allison L. Kahn (SBN 346206)
Email: akahn@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone:   (310) 734-5200
Facsimile:    (310) 734-5299

*Attorneys for Defendant*
SHAWN COREY CARTER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE COLEY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SHAWN COREY CARTER,<br><br>　　　　　Defendant. | Case No.: 2:25-cv-04216-SPG-(MARx)<br><br>*[Assigned to Hon. Sherilyn Peace Garnett, Courtroom 5C]*<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFF'S "SUR-REPLY" FILED AT DKTS. 100 AND 101**<br><br>Action Filed:  May 6, 2025 |

Defendant Shawn Corey Carter ("Defendant") objects[1] to Plaintiff Lillie Coley's ("Plaintiff") Sur-Reply (Dkts. 100 and 101) responding to Defendant's Reply in support of Defendant's Motion for Attorney's Fees Pursuant to CCP §4215.16(c) (filed on December 19, 2025 at Dkt. 99) because it is improper and a blatant violation of Local Rule 7-10 that merely repeat arguments from her opposition disagreeing with the Court's determination that Defendant prevailed on his anti-SLAPP motion and is entitled to attorney's fees pursuant to §425.16(c). Plaintiff has previously violated Local Rule 7-10. *See* Dkt. 70, p. 4, fn 1.

The Court should also strike the sur-reply because it, like many of Plaintiff's other filings, contains misrepresented legal authority. In addition to the misrepresented and fake legal authority Plaintiff cited in her Opposition, *see* Dkt. 99, pp. 3:9-5:17, Plaintiff's sur-reply contains additional misrepresentations.

Plaintiff's misrepresentation of *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 973 (9th Cir. 1999), which she repeats in his sur-reply, is detailed in Defendant's Reply at Dkt. 99, pp. 3:11-3:19. Plaintiff falsely states that *E.D.C. Techs., Inc. v. Seidel,* 225 F. Supp. 3d. 1058, 1065 (N.D. Cal. 2016)

---

[1] On December 10, 2025, Defendant filed a notice of Suggestion of Bankruptcy of Lillie Coley (Dkt. 94) alerting the Court to Plaintiff's bankruptcy filing and provided notice that pursuant to 11 U.S.C. § 362, the commencement of a bankruptcy proceeding operates as an automatic stay of an action against the Debtor. On December 10, 2025, Plaintiff Lillie Coley filed a response (Dkt. 95) asserting the above-captioned action is not stayed because the claims at issue in this case are personal and do not belong to the bankruptcy estate. She stated the same in the at issue sur-reply. Dkt. 101, p. 3:24-4:5. Neither the bankruptcy court nor this Court have addressed Plaintiffs' position regarding the scope of the stay. In light of Plaintiff's filing and subsequent filings in this lawsuit, *see e.g.* Dkt. 96, 100, 101, Defendant files this Objection to ensure his rights are preserved and to advise the Court of the case misrepresentations based on counsel's duty to the court. *See Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426, 448 (2025) (criticizing opposing counsel for failing to "alert the court to the fabricated citations"). However, Plaintiffs' bankruptcy case remains pending and Defendant seeks direction from the Court on how or whether to proceed in light of the automatic stay.

held that "certain provisions of California's anti-SLAPP statute, specifically subsections (b) and (c), may be applied in federal court without direct conflict with the Federal Rules of Civil Procedure, this holding presupposes a valid underlying judgment." Dkt. 101, p. 5:19-5:23. However, in *E.D.C. Techs*, applying §425.16, the court determined that the conduct at issue was commercial speech and thus the defendant had not satisfied the first prong of the anti-SLAPP analysis. 225 F. Supp. 3d at 1066.

Plaintiff also misrepresents *Richards v. Richards (In re Richards)*, 655 B.R. 782 (9th Cir. BAP 2023) and *Gunn v. Drage*, 65 F.4th 1109 (9th Cir. 2023), claiming that they hold that "federal courts must 'fine-tune' the application of the anti-SLAPP statute in federal practice, ensuring that only provisions compatible with federal rules and constitutional requirements are applied." Dkt. 101, p. 6:3-6:8. However, neither case says anything remotely close to what Plaintiff represents. Instead, in both cases the appellate court affirmed dismissal under the anti-SLAPP statute. *In re Richards*, 655 B.R. at 796-797; *Gunn*, 65 F.4th at 1113.

DATED: December 23, 2025

REED SMITH LLP
By: */s/ Carla M. Wirtschafter*
    Carla M. Wirtschafter
    Allison L. Kahn
    Attorney for Defendant
    SHAWN COREY CARTER

## Certification of Compliance

The undersigned, counsel of record for Defendant Shawn Corey Carter, certifies that his objection complies with the page limit of Rule G.2.4 in the Court's Standing Order.

DATED: December 23, 2025

REED SMITH LLP

By: */s/ Carla M. Wirtschafter*
Carla M. Wirtschafter